Entered on Docket
July 26, 2006
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

CANDIE J. NELSON,  No. 05-10660

                Debtor(s).
_____/

Memorandum on Plan Confirmation
_____

      Before her current series of bankruptcy filings, debtor Candie Nelson was an owner of a chain of Mexican restaurants known as Viva Mexico. During that time she kept two separate records of employee time, one real and one fabricated which deleted most of the overtime her employees worked. She instructed her managers to change employee time records to reduce overtime owed to employees.

      On October 1, 2002, an involuntary Chapter 7 petition was filed against Nelson. Seven days later, Nelson filed a voluntary petition and sought dismissal of the earlier involuntary case. Her motives quickly became apparent: the one-year period for recovery of an insider preference under § 547(b)(4)(B) of the Bankruptcy Code expired before the voluntary petition but after the involuntary petition. Her motion was denied and the two cases consolidated.

      The Chapter 7 trustee in the consolidated cases brought an action to deny Nelson her discharge, alleging that Nelson had, with the intent to defraud her creditors, transferred three parcels of real property to her mother. Just before trial, the action was settled by Nelson waiving her discharge pursuant to § 727(a)(10) of the Code. On July 30, 2003, Viva Mexico filed a voluntary Chapter 7 petition.

1

On March 29, 2005, Nelson filed a Chapter 13 petition commencing this case. She filed a plan calling for payments of $50 per month for 36 months, which would result in a small fraction of a cent on the dollar for her creditors. The Chapter 13 trustee objected on grounds of bad faith and ineligibility for Chapter 13. The court solicited an offer of proof from her as to why she believed her plan was filed in good faith. When she responded that her only argument was that $50 per month was all she could afford, the court summarily ruled that the plan was filed in bad faith and dismissed the case. The Bankruptcy Appellate Panel reversed the decision and remanded the case, holding that the court should have permitted Nelson to amend her plan before dismissing the case. The court then set an evidentiary hearing on the good faith and eligibility issued.

The court begins by noting that Nelson makes two legal arguments which are in error. First, she argues that she is entitled to a finding of good faith under the mandate of the Appellate Panel. However, its decision makes it clear that it remanded only for Nelson to "sharpen her pencil" and see if she could propose a better plan, which Nelson has declined to do. Second, Nelson argues that all of the business debts of Viva Mexico were discharged in its bankruptcy and she is therefore no longer liable for them. This is wrong because only individuals receive a discharge in bankruptcy, not corporations or partnerships; there was no discharge issued in the Viva Mexico case.[1]

The burden is on the debtor to demonstrate good faith and eligibility. For the reasons set forth below, the court finds both that Nelson is not eligible for Chapter 13 and that her plan is proposed in bad faith. *In re Barnes,* 32 F.3d 405, 407 (9th Cir. 1994); *In re Ho,* 274 B.R. 867, 882 (9th Cir BAP 2002)[Klein, concurring].

One important fact goes to both good faith and eligibility. Because of her mistaken belief that Viva Mexico's debts were discharged in its bankruptcy case, Nelson did not schedule most of its debts in her case, even if the claimant alleged she was personally liable. Thus, she failed to schedule at least

---

[1] Even if there had been a discharge, it would not have protected Nelson from liability. The court has difficulty believing that Nelson's errors are attributable to her *pro se* status, as she has had legal representation in much of the proceedings before the court.

2

50 former employees of Viva Mexico who allege that she is personally liable to them for unpaid overtime. On their behalf, California Rural Legal Assistance has filed a claim in this case for $1.3 million. Nelson's only response to the wage claims was to attack CRLA. Aside from the issue of whether these wage claims are considered liquidated for eligibility purposes, misrepresentations in schedules go to the heart of the good faith requirement. *In re Ho, supra,* at 876.[2]

Pursuant to § 109(e) of the Code, a debtor is not eligible for Chapter 13 if she has more than $307,675.00 in noncontingent, liquidated unsecured debts. So long as a debt is subject to ready determination and precision in computation of the amount due, then it is considered liquidated and included for eligibility purposes under § 109(e), regardless of any dispute. *In re Nelson,* 184 B.R. 182, 190-91 (9th Cir. BAP 1995). The wage debts claims would be subject to ready determination and precise computation, merely multiplying the hours worked by the appropriate rate, except for the fact that Nelson has herself steadfastly refused to supply the claimants with the necessary information. Where the debtor herself withholds the information necessary to perform the calculation, principles of estoppel should prevent a debtor from discounting the claims for eligibility purposed. However, it does not appear that Nelson is eligible even without considering the wage claims.

When she filed her case, Nelson scheduled unsecured debts of $324,832.00. After the trustee objected to her eligibility, Nelson amended her schedules to delete the $279,000.00 claim of her mother. The scheduled claim of her mother was consistent with legal positions taken by Nelson and her mother in the prior Chapter 7 case. Eligibility is determined as of the date of filing, so a postpetition waiver or forgiveness of a debt has no effect on eligibility. *In re Slack,* 187 F.3d 1070, 1073 (9th Cir. 1999). Even though Nelson failed to schedule the vast majority of her debt, she did schedule $320,832.00 in undisputed, liquidated unsecured debt. She is therefore not eligible for Chapter 13 relief.

---

[2] Even without adding the wage claims and the claim of Nelson's mother, discussed elsewhere, the unsecured claims filed in this case add up to $101,547.43, more than twice the $45,382.00 Nelson scheduled in her amended schedules. This raises a serious issue as to the truthfulness and accuracy of the schedules.

3

While the court could stop its analysis of the case at this point, if it were to do so it has no doubt that Nelson would be right back in a new Chapter 13 with her schedules more cleverly drafted. A bad faith finding is necessary to finally resolve Nelson's bankruptcy rights, especially for the fifty or so working people who were intentionally robbed of their rightful income by Nelson.

A court considering whether a Chapter 13 plan has been filed in good faith should examine the intentions of the debtor and the legal effect of the confirmation in light of the spirit and purposes of Chapter 13. *In re Chinichian*, 784 F.2d 1440, 1444 (9th Cir. 1986). After observing Nelson's actions in this and her prior bankruptcy cases, the court finds that Nelson filed this case in a cynical attempt to manipulate the Bankruptcy Code. There is no doubt in the court's mind that when Nelson stipulated to denial of her discharge in the Chapter 7 case she had already formed the intent to buy her discharge back on the cheap in Chapter 13.[3] Nelson's intentions are to obtain a discharge without ever having to answer for her unlawful conduct. The legal effect of confirmation would be to discharge, with no justice or compensation to her creditors, a debtor who a few months prior to filing was denied a discharge. This is not the spirit of Chapter 13.

The court accordingly finds that Nelson is not eligible for Chapter 13 relief. The court further finds, considering all of the above circumstances, that Nelson proposed her Chapter 13 plan in bad faith. Confirmation will accordingly be denied. The Trustee shall submit an appropriate form of order.

Dated: July 26, 2006

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[3] The Bankruptcy Code does not differentiate between a discharge denied after a trial and one waived before trial. 11 U.S.C. § 523(a)(10). All of Nelson's debts were incurred before her Chapter 7 case, and are therefore forever nondischargeable in Chapter 7. An attempt to discharge such debts in Chapter 13 raises significant bad faith issues, especially combined with other factors indicating bad faith. See *In re Warren,* 89 B.R. 87, 93 (9th Cir. BAP 1988).

4