**Entered on Docket**
**August 17, 2007**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED

NOT FOR PUBLICATION

AUG 08 2007

HAROLD S. MARENUS, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

## UNITED STATES BANKRUPTCY APPELLATE PANEL

### OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No.   NC-07-1093-KSP |
| CANDIE JILL NELSON, | Bk. No.   05-10660 |
| Debtor. | |

| | |
|---|---|
| CANDIE JILL NELSON, | |
| Appellant, | |
| v. | **MEMORANDUM**[*] |
| MICHAEL H. MEYER, Chapter 13 Trustee, | |
| Appellee. | |

Argued and Submitted on July 27, 2007
at Pasadena, California

Filed - August 8, 2007

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Alan Jaroslovsky, Bankruptcy Judge, Presiding

Before: KLEIN, SMITH and PERRIS,[**] Bankruptcy Judges.

---

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[**]Hon. Elizabeth L. Perris, Chief Bankruptcy Judge for the District of Oregon, sitting by designation.

RECEIVED
AUG 15 2007
U.S. BANKRUPTCY COURT
SANTA ROSA, CA

This appeal is from a dismissal of a chapter 13 case following a remand in a prior appeal. Nelson v. Meyer, 343 B.R. 671 (9th Cir. BAP 2006) (Nelson I). We previously reversed and remanded for procedural reasons based on the two-step requirement of 11 U.S.C. § 1307(c) to determine "cause" and then weigh the alternatives of conversion or dismissal based on the "best interests of creditors and the estate."

On remand, the court again declined to confirm the plan and because it determined that the debtor was not eligible for relief in chapter 13 because her debts exceeded the eligibility requirements of 11 U.S.C. § 109(e) and because her chapter 13 plan was not proposed in good faith. The denial of confirmation was not timely appealed. The subsequent order dismissing the case is now before us.

We now agree with the bankruptcy court that there was § 1307(c) "cause" and dismissal of the case was in the best interests of creditors and the estate. We AFFIRM.


                                    FACTS

Appellant, Candie J. Nelson, filed the pro se chapter 13 case in which this appeal arises on March 29, 2005, after having been involved in five prior bankruptcy cases.

She was a chapter 13 debtor from December 30, 1999, until voluntarily dismissing that case on September 24, 2001.

In October 2002, she became the debtor in two chapter 7 cases, one involuntary and one voluntary. We affirmed the order for relief in the involuntary case. BAP No. NC-03-1170-PMaMc (Feb. 9, 2004). The ultimate outcome was a settlement in which

2

$60,000 was recovered from the debtor's mother under avoiding powers and the debtor waived discharge pursuant to 11 U.S.C. § 727(a)(10).

The debtor's company, Viva Mexico, LLC, was the debtor in a no-asset chapter 7 case that was filed and closed during the pendency of her consolidated individual chapter 7 cases.

In the present chapter 13 case, the debtor initially scheduled unsecured claims of $324,382.00. Her chapter 13 plan proposed to pay the trustee $50.00 per month for 36 months based on monthly income of $1,208.00 and expenses of $1,158.00 as reflected in Schedules I and J.

The chapter 13 trustee, appellee Michael Meyer, objected to plan confirmation based on ineligibility and lack of good faith. The ineligibility argument was that the schedules listed more than the statutory limit of $307,675.00 in unsecured nonpriority debt and did not include undischarged debts from her prior chapter 7 cases. The good faith argument was that $50.00 per month for 36 months was too little in light of the prior waiver of chapter 7 discharge.

At the confirmation hearing, the court denied confirmation without reaching the eligibility question. In addition, without affording an opportunity to modify the plan after denying confirmation, the court ruled that the case would be dismissed. On appeal, the debtor complained that she was prepared to modify the plan but had no chance to do so.

We reversed and remanded the dismissal order because the court did not comply with the two-step requirement of 11 U.S.C. § 1307(c) to determine "cause" and then weigh the alternatives of

3

conversion or dismissal based on the "best interests of creditors and the estate," and also because the court did not allow the debtor at least one opportunity to revise the rejected plan as required by § 1307(c)(5). <u>Nelson I</u>, 343 B.R. at 678.

On remand, the debtor re-submitted her originally filed plan with the court without change. The court held a confirmation hearing on July 17, 2006. At the conclusion of the hearing, the court took the matter under submission.

On July 26, 2006, the court entered its "Memorandum on Plan Confirmation." The court determined that the debtor's debts exceeded the limit for chapter 13 eligibility as set forth in § 109(e), and further determined that the debtor proposed her plan in bad faith. Based on those findings, the court denied confirmation of the debtor's plan and indicated that it was necessary to bring the multiple bankruptcy filings to an end.

On August 23, 2006, the trustee filed a motion to dismiss the debtor's case pursuant to § 1307 due to debtor ineligibility and denial of confirmation of her plan. At a hearing held on September 18, 2006, the court granted the trustee's motion. However, based on the debtor's statement that she planned to appeal the order denying confirmation of her plan, the court stayed its dismissal order until an appeal from the order denying confirmation became final. If the debtor's appeal was unsuccessful, the court would enter its order dismissing the case.[1]

---

[1]The debtor filed a notice of appeal on September 27, 2006. The appeal was dismissed as untimely.

4

We dismissed the debtor's appeal of the order denying confirmation of her plan on January 19, 2007, for lack of jurisdiction because there was not a timely appeal. <u>Nelson v. Meyer</u>, BAP No. NC-06-1342 (1/19/07). The debtor did not appeal our order.

In the meanwhile, notwithstanding the findings of bad faith and ineligibility, on October 19, 2006, the debtor filed an amended chapter 13 plan, upon which the court declined to act, which is implicit in its subsequent entry of the previously announced dismissal order.[2]

The bankruptcy court entered its order dismissing the debtor's case on February 28, 2007.

This appeal ensued.

## JURISDICTION

The bankruptcy court had jurisdiction via 28 U.S.C. § 1334. We have jurisdiction under 28 U.S.C. § 158(a)(1).

## ISSUE

Whether the bankruptcy court abused its discretion when it dismissed the debtor's chapter 13 case.

## STANDARD OF REVIEW

Orders of dismissal are reviewed for an abuse of discretion. <u>Guastella v. Hampton (In re Guastella)</u>, 341 B.R. 908, 915 (9th

---

[2]The debtor's amended plan extended plan payments from 36 months to 60 months, and provided for reporting of any change in the debtor's financial status and amendment to payments if a change were to occur.

5

Cir. BAP 2006).  An abuse of discretion may be based on an incorrect legal standard, or a clearly erroneous view of the facts, or a ruling that leaves the reviewing court with a definite and firm conviction that there has been a clear error of judgment.  SEC v. Coldicutt, 258 F.3d 939, 941 (9th Cir. 2001); Ho v. Dowell (In re Ho), 274 B.R. 867, 871 (9th Cir. BAP 2002).

## DISCUSSION

In Nelson I, we reversed and remanded the bankruptcy court's order dismissing the debtor's case pursuant to § 1307(c)(5) because the court did not comply with the statute's two-step requirement to determine "cause" and then weigh the alternatives of conversion or dismissal based on the "best interests of creditors and the estate," and also because the court did not allow the debtor an opportunity to revise the rejected plan. Nelson I, 343 B.R. at 677-78.

On remand, the debtor resubmitted her originally filed plan without any changes.  At the confirmation hearing, the bankruptcy court examined whether the debtor proposed her resubmitted plan in good faith under the totality of the circumstances.

Looking at the totality of the circumstances, the court determined that the debtor filed her case "in a cynical attempt to manipulate the Bankruptcy Code."  The court further found that:

> [t]here is no doubt in the court's mind that when [the debtor] stipulated to denial of her discharge in the Chapter 7 case[,] she had already formed the intent to buy her discharge back on the cheap in a Chapter 13. [The debtor's] intentions are to obtain a discharge without ever having to answer for her unlawful conduct. The legal effect of confirmation would be to discharge,

6

with no justice or compensation to her creditors, a
debtor who a few months prior to filing was denied a
discharge. This is not the spirit of Chapter 13.

Memorandum on Plan Confirmation, 4:9 - 4:14, 7/26/06 (footnote omitted).

The court concluded that the debtor proposed her plan in bad faith and further was not eligible for chapter 13 relief. Based on these findings, the court denied confirmation of the debtor's resubmitted plan. That denial of confirmation was not timely appealed.

The court subsequently dismissed the debtor's case pursuant to § 1307(c)(5) based on the denial of confirmation of her plan and for "cause". The present appeal is from that dismissal.

A court must examine the totality of the circumstances in determining whether a chapter 13 petition has been filed in bad faith. Ho, 274 B.R. at 876. When making a bad faith determination, the bankruptcy court should consider:

(1) Whether the debtor misrepresented facts in his or her petition or plan, unfairly manipulated the Bankruptcy Code or otherwise filed the Chapter 13 petition or plan in an inequitable manner;

(2) the debtor's history of filings and dismissals;

(3) whether the debtor's only purpose in filing for chapter 13 protection is to defeat state court litigation; and

(4) whether egregious behavior is present.

Id., citing Leavitt v. Soto (In re Leavitt), 171 F.3d 1219, 1224 (9th Cir. 1999).

The California Rural Assistance League ("CRAL") filed a $1.3 million claim in the debtor's chapter 7 case. The CRAL filed the claim on behalf of at least fifty former employees of Viva Mexico

7

who allege that the debtor is personally liable to them for unpaid wages in violation of California law. A state court action has been pending against the debtor since 1999 - Aguilar, et al v. Nelson, SCV-222860. While we do not have the complaint from that action, we are told in declarations that the action is against the debtor personally for unfair business practices under California Business and Professions Code § 17203, for intentionally maintaining two sets of employee time records (one of which was fraudulent) in violation of California Labor Code §§ 226 and 1174, and for systematically causing her LLC to underpay employees.[3]

Multiple and successive bankruptcy filings by and against the debtor have stayed progression of the state court case.

In the debtor's chapter 13 case, filed in March 2005, she only listed four former employees with wage claims on her schedules. The four former employees are the four named plaintiffs in the state court litigation. The debtor listed the value of each of the four former employees' claims at $1,000 each.

---

[3]Declaration of Robert Lotero, 7/17/06 at pg. 2 (exhibit R to E.R.); Declaration of Kelly Lentz [entitled Declaration of Robert Lotero], 7/17/06 at pg. 2 (exhibit T to E.R.) ("While working as a 'manager' I was told by [the debtor] that she keeps two separate records of employee time. She told me that she keeps the accurate timesheets or timecards that show the real hours worked by each worker. She further told me that she fabricates a second time record for each worker and removes most of the overtime worked. She told me that she does this to save on money that she would otherwise have to pay workers. ... On various occasions during my employment I observed [the debtor] manipulating the time clocks in the restaurants. At various times she told me and other 'managers' in my presence, that she could control the time clocks to show less hours than the employee actually worked.")

8

The bankruptcy court found, and there is evidence in the record on appeal, that the debtor has refused to provide her former employees with employment records and other pertinent documents, thus making it nearly impossible for her former employees to calculate the exact value of their wage claims.

The record amply supports the bankruptcy court's finding that the debtor filed her chapter 13 petition in bad faith. The debtor is a serial bankruptcy filer and has been so since 1999 when several of her former employees commenced state court litigation against her for violation of state labor laws. Moreover, the debtor filed the present chapter 13 petition shortly after stipulating to the denial of her discharge in her previous chapter 7 case.

The bankruptcy court found that the debtor misrepresented facts in her schedules and filed the present case to manipulate the Bankruptcy Code. The court also commented on the debtor's egregious behavior by stating that "[a] bad faith finding is necessary to finally resolve [the debtor's] bankruptcy rights, especially for the fifty or so working people who were intentionally robbed of their rightful income by [the debtor]."

In light of the totality of the circumstances, the bankruptcy court correctly dismissed the debtor's case pursuant to § 1307(c) as in the best interests of creditors and the estate.[4]

---

[4]Because we are affirming the court's order dismissing the debtor's case under § 1307(c), we need not address whether the debtor is ineligible for chapter 13 relief under § 109(e).

9

1   CONCLUSION

2        The bankruptcy court did not abuse its discretion when it

3   dismissed the debtor's chapter 13 case under § 1307(c)(5).

4   AFFIRMED.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

U.S. Bankruptcy Appellate Panel
of the Ninth Circuit
125 South Grand Avenue, Pasadena, California 91105
Appeals from Central California  (626) 229-7220
Appeals from all other Districts (626) 229-7225

## NOTICE OF ENTRY OF JUDGMENT

BAP No. NC-07-1093-KSP

RE: CANDIE JILL NELSON

A separate Judgment was entered in this case on ____8/8/07_____.

BILL OF COSTS:

Bankruptcy Rule 8014 provides that costs on appeal shall be taxed by the Clerk of the Bankruptcy Court.  Cost bills should be filed with the Clerk of the Bankruptcy Court from which the appeal was taken.
9th Cir. BAP Rule 8014-1

ISSUANCE OF THE MANDATE:

The mandate, a certified copy of the judgment sent to the Clerk of the Bankruptcy Court from which the appeal was taken, will be issued 7 days after the expiration of the time for filing a petition for rehearing unless such a petition is filed or the time is shortened or enlarged by order.  See Federal Rule of Appellate Procedure 41.

APPEAL TO COURT OF APPEALS:

An appeal to the Ninth Circuit Court of Appeals is initiated by filing a notice of appeal with the Clerk of this Panel.  The Notice of Appeal should be accompanied by payment of the $455 filing fee and a copy of the order or decision on appeal.  Checks may be made payable to the U.S. Court of Appeals for the Ninth Circuit.  See Federal Rules of Appellate Procedure 6 and the corresponding Rules of the United States Court of Appeals for the Ninth Circuit for specific time requirements.

CERTIFICATE OF MAILING
------------------------------------

    The undersigned, deputy clerk of the U.S. Bankruptcy Appellate Panel of the Ninth Circuit, hereby certifies that a copy of the document on which this certificate appears was mailed this date to all parties of record to this appeal.

                By: Elaine Lewis

                Deputy Clerk: August 8, 2007